**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MY HEALTH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION<br><br>    Defendant. | Civil Action No. _____<br><br>**(JURY TRIAL DEMANDED)** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff My Health, Inc. ("*My Health*" or "*Plaintiff*"), by and through its attorneys, makes and files this Complaint against Defendant McKesson Corporation ("*McKesson*" or "*Defendant*"). In support of this Complaint, Plaintiff alleges and complains as follows:

**PARTIES**

1.    My Health is a Delaware corporation having its registered agent and principal place of business in the Eastern District of Texas.

2.    All right, title, and interest in and to the Patent, including the right to sue for all past and present infringement damages, was assigned by the University of Rochester to My Health.

3.    Michael E. Eiffert M.D. ("*Dr. Eiffert*"), is the CEO of My Health and an inventor of United States Patent No. 6,612,985 entitled "Method and System for Monitoring and Treating a Patient" (the "*'985 Patent*").

4. Upon information and belief, McKesson is a corporation organized under the laws of the state of California, with its principal place of business located at 1 Post Street, San Francisco, CA 94104.

5. Upon information and belief McKesson has sold, currently sells, and offers for sale the Accused Products and other infringing products through the stream of commerce in retail stores and other outlets within this jurisdiction.

6. McKesson has not been granted a license or any other rights to the '985 Patent.

7. On information and belief, McKesson has generated significant sales of products incorporating the Plaintiff's technology, easily exposing McKesson to significant liability for its infringement of the '985 Patent.

## SUMMARY OF THE CASE

8. While affiliated with the University of Rochester, Dr. Eiffert and Lisa C. Schwartz invented a unique technology that assists healthcare providers in monitoring and treating patients. Consequently, on September 2, 2003, the University of Rochester was awarded the '985 Patent, which was later assigned to My Health.

9. My Health's technology and business platform enables health care practitioners to automate certain tasks such as branding staffing, human resource management, payroll, retirement planning, marketing and practice development, and revenue cycle management.

10. My Health offers licenses of the '985 Patent to health care and technology companies and has currently granted more than 50 licenses to leaders in these industries.

11. McKesson designs, manufactures, and markets McKesson medical products that are manufactured primarily in the United States.

12. McKesson engaged in and continues to engage in willful and knowing patent infringement because it has actual knowledge of the patent at least as early as November 12, 2015 when My Health's licensing agent contacted McKesson and provided it with a copy of the patent and a preliminary claim chart, and yet continues to practice the technology covered under the '985 Patent.

## JURISDICTION AND VENUE

13. This is a claim for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.,* including 35 U.S.C. § 271.

14. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

15. Defendant is subject to personal jurisdiction in the state of Texas (this "***State***") and this judicial district consistent with the principles of due process because it transacts business, contracts to supply goods or services in this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

16. Upon information and belief, Defendant distributes its products through established channels of commerce in this judicial district to dozens of healthcare facilities, including but not limited to the following facilities: McKesson Health Solutions in Lubbock, TX; McKesson Specialty Health in The Woodlands, TX; McKesson in Grapevine, TX; McKesson Corporation in Lubbock, TX; McKesson Corporation in Austin, TX; McKesson Corporation in Carrollton, TX; McKesson Corporation in Greenville, TX; McKesson Corporation in Conroe, TX; McKesson Corporation in Fort Worth, TX; McKesson Corporation in San Antonio, TX; McKesson Corporation in Irving, TX; McKesson Medical-Surgical 16 in Houston, TX;

McKesson Corporation in Nacogdoches, TX; Beaumont, TX; McKesson Corporation in Haslet, TX; and McKesson Corporation in Woodway, TX.

17. Defendant employs and solicits employment of residents of this State who work as medical sales representatives, offering for sale the Accused Products in this State and this judicial district.

18. Upon information and belief, Defendant places products for sale online and in stores to be used, shipped and sold in this State and this judicial district.

19. Defendant sells and advertises its products for sale to Eastern District of Texas residents at least at the following online site: http://www.mckesson.com/about-mckesson/our-company/businesses/mckesson-health-solutions/mckesson-health-solutions/.

20. Upon information and belief, Defendant also places the Accused Products in the stream of commerce with the expectation that they will be bought and sold in this judicial district.

21. Defendant has offered and continues to offer its products for sale in this State, has transacted business and continues to transact business in this State, has committed and/or induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

22. Such Accused Products have been offered for sale and sold in this State and in this judicial district through various outlets.

23. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because McKesson has done business, has infringed, and continues to infringe the '985 Patent within this

District as stated more fully above, and this action arises from transactions of that business and that infringement.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 6,612,985

24. The '985 Patent, a copy of which is attached hereto as **Exhibit A**, is entitled "Method and System for Monitoring and Treating a Patient" and was duly and legally issued by the United States Patent and Trademark Office. My Health is the owner of all right, title and interest in and to the '985 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '985 Patent.

25. My Health has complied with the provisions of 35 U.S.C. § 287.

26. Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '985 Patent by making, using, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to the McKesson Health Solutions (the "***Accused Product***"), which infringes one or more claims of the of the '985 Patent, including, but not limited to claims 1, 4, and 7 of the '985 Patent.

27. By way of example and not as a limitation, Defendant's Accused Product conducts each and every element of the '985 patent's method claims 1 by:

   a. Determining a current assessment of one or more diagnosed conditions in a patient based on data about each of the diagnosed conditions from the patient who is at a remote location and on one or more assessment guidelines for each of the diagnosed conditions through its remote monitoring and assessment;

b. Updating an existing treatment plan for each of the diagnosed conditions based on the existing treatment plan, the current assessment, and on one or more treatment guidelines for each of the diagnosed conditions to generate an updated treatment plan for each of the diagnosed conditions through its disease management programs and a monitoring application, according to Defendant's website;

c. Reviewing the updated treatment plan for each of the diagnosed conditions through its diagnosis-specific disease management education content, according to Defendant's website;

d. Determining if one or more changes are needed to the reviewed treatment plan for each of the diagnosed conditions through (i) disease management and patient monitoring, and (ii) program for two-way communication of physiological, educational and compliance information between the patient's home and the care provider.

e. Changing the reviewed treatment plan if the one or more changes are determined to be needed by modifying behaviors through targeted education and feedback;

f. Providing the patient with the reviewed treatment plan for each of the diagnosed conditions through its communication system that provides patient information such as disease-specific management, two-way communication, and compliance information; and

g. Generating and providing compliance data based on the updated treatment plan and the reviewed treatment plan for each of the diagnosed conditions through its McKesson Telehealth Advisor's education content platform that permits patients

to respond to daily and that provides physiological, educational and compliance information, including patient, platform, and physician compliance.

28. Defendant is liable for infringement of one or more claims of the '985 Patent, including, but not limited to claims 1, 4, and 7, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling, offering for sale, and/or importing the Accused Products.

29. Defendant is liable for indirect infringement of the '985 Patent by inducing and/or contributing to direct infringement of the '985 Patent by end users of the Accused Products.

30. From at least as early as November 12, 2015, when McKesson was given actual notice of the '985 Patent, McKesson induced infringement because it knew, or should have known, that its acts would cause patent infringement, and it acted with intent to encourage direct infringement by its users.

31. At least as early as November 12, 2015, McKesson contributed to direct infringement by its end users by knowing that its Accused Products and methods would be implemented by its end users; that its methods, components, system and Accused Products were especially made or especially adapted for a combination covered by one or more claims of the '985 Patent; that there are no substantial non-infringing uses; and that the Accused Products are a material part of the infringement.

32. McKesson has knowledge of the '985 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

33. McKesson's acts of infringement have damaged Plaintiff, and Plaintiff is entitled to recover from McKesson the damages sustained as a result of McKesson's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

34. McKesson's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '985 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that, after a trial, this Court enter judgment against Defendant as follows:

A. An entry of final judgement in favor of Plaintiff and against Defendant;

B. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. An injunction permanently prohibiting Defendant and all persons in active concert or participation with Defendant from further acts of infringement of '985 Patent;

D. Treble damages as provided for under 35 U.S.C. § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

E. Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

F. Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

                                                Respectfully Submitted,

Dated:  August 9, 2016                    PIA ANDERSON MOSS HOYT

                                                By: /s/ Joseph G. Pia
                                                Joseph G. Pia
                                                State Bar No. 24093854
                                                joe.pia@pamhlaw.com
                                                Chrystal Mancuso-Smith (Admitted in this District)
                                                cmancuso@pamhlaw.com
                                                Pia Anderson Moss Hoyt
                                                136 E. South Temple, 19th Floor
                                                Salt Lake City, Utah  84111
                                                Phone: (801) 350-9000
                                                Fax: (801) 350-9010

                                                *Attorneys for Plaintiff*